IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KEISHONNA HARPER,** | * | |
| Plaintiff, | * | |
| v. | * | Civil No. **PJM 20-3715** |
| **LOCKHEED MARTIN CORPORATION,** | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Lockheed Martin Corporation ("Lockheed") has moved to dismiss this case for improper venue or, in the alternative, to transfer venue to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1404. ECF No. 12. Keishonna Harper opposes the Motion and asks the Court to transfer the case if it finds venue improper. ECF No. 13. For the following reasons, the Court **GRANTS** Defendant's Motion insofar as it seeks to transfer venue to the Northern District of Texas.

### I.

This action involves Harper's claims of discrimination and retaliation under Title VII of the Civil Rights Act and the Family and Medical Leave Act ("FMLA") against Lockheed, her former employer. Harper, who self-identifies as an African American female, served as a Contracts Manager at Lockheed's aeronautics division in Fort Worth, Texas from 2018 to 2020.

Among other things, Harper claims she was discriminated against by "insubordinate" co-workers who allegedly made offensive comments about her race and gender. When Harper complained about the conduct to supervisors and HR representatives (located in Texas and

1

California), no corrective action was allegedly taken. In fact, Harper contends that one of the individuals who mistreated her was ultimately promoted.

Harper also claims that she was retaliated against for taking FMLA leave to care for her father, despite receiving approval to do so. Even then, Harper says she only took less than 40 hours of leave and was rarely offline for more than one day. Nevertheless, Harper was allegedly criticized for her absences and was told by supervisors to make herself more available.

On July 14, 2020, Lockheed informed Harper that she was the subject of two investigations: one concerning a sexual harassment claim against her and another regarding her "leadership." After Lockheed determined that certain of the complaints were credible, Harper was suspended for two weeks without pay, demoted to a non-leadership position, and moved to another program. She claims that, on July 31, 2020, she had no alternative but to resign. This suit followed.

## Basis for Venue

Harper contends that venue in Maryland is proper because Lockheed maintains its corporate headquarters in Bethesda, where the company drafts and disseminates standard policies, conducts employee trainings, and transacts business on behalf of out-of-state units. Harper Aff. ¶¶ 1–5, ECF No. 13-1. That is the extent of Harper's proffered ties to Maryland. She also claims, unrelatedly, that several witnesses are located in different states. *Id.* ¶¶ 6–8. However, none of those witnesses appear to be *in Maryland. Id.* ¶ 6.

On the other hand, Lockheed submits that all relevant evidence and witnesses are primarily located in Fort Worth, Texas, including Harper's personnel file. Collver Decl. ¶ 7, ECF No. 12-1. Moreover, all the allegedly discriminatory conduct occurred in Texas—not Maryland. *Id.* ¶¶ 7–10.

## II.

Upon review of the Complaint and the factual record adduced by the parties, the Court finds that the convenience factors enumerated in 28 U.S.C. § 1404(a) clearly militate in favor of transferring the case to the U.S. District Court for the Northern District of Texas, Fort Worth Division. Accordingly, it is unnecessary to determine whether or not venue is proper in the District of Maryland.

For the convenience of parties and witnesses, and in the interest of justice, a district court may transfer an action "to any other district division where it might have been brought." *Id.* Section 1404 was intended to enlarge the common law power of the court under the well-established doctrine of *forum non conveniens* and was enacted to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *See Dicken v. United States*, 862 F. Supp. 91, 92 (D. Md. 1994). The burden is on the moving party to show that transfer to another forum is proper and the decision is committed to the sound discretion of the district court, which considers: "1) the weight accorded the plaintiff's choice of venue; 2) witness convenience and access; 3) convenience of the parties, and 4) the interest of justice." *Cross v. Fleet Reserve Ass'n Pension Plan*, 383 F. Supp. 2d 852, 856 (D. Md. 2005).

### Plaintiff's Choice of Forum

While a plaintiff's choice of forum is ordinarily accorded deference, it "is given little weight when none of the conduct complained of occurred in the forum selected by the plaintiff and said forum has no connection with the matter in controversy." *Dicken*, 862 F. Supp. at 93 (quoting *Mims v. Proctor & Gamble Distributing Co.*, 257 F. Supp. 648, 657 (D.S.C. 1966)). Harper's causes of action arise from acts that allegedly occurred entirely in Texas. The only connection to this forum is that Lockheed maintains its corporate headquarters in Maryland.

Overall, Plaintiff's choice of the Maryland forum does not disfavor transferring venue to the Northern District of Texas.

## Convenience of Witnesses

The second factor supporting a transfer of venue is witness convenience and access. This is "[p]erhaps the most important factor to be considered by a court in passing on a motion to transfer." *Cronos Containers, Ltd. v. Amazon Lines, Ltd.*, 121 F. Supp. 2d 461, 466 (D. Md. 2000). Virtually all of the relevant witnesses are located in the Northern District of Texas, where the alleged misconduct occurred. Importantly, Harper has not identified a single witness located in Maryland. She also asserts that there may be witnesses outside of Texas, but nothing suggests that those witnesses will be inconvenienced by transferring the case to Texas, as opposed to keeping it in Maryland.

## Convenience of the Parties

The convenience of the parties also favors transferring the case. "[T]his factor is chiefly operative in cases where the plaintiff chooses a forum away from (either party's) home." *Dicken*, 862 F. Supp. at 93 (quoting *Bd. of Trs., Sheet Metal Workers Nat'l Fund v. Baylor Heating & Air Cond., Inc.*, 702 F. Supp. 1253, 1259 (E.D. Va. 1988)). Since Harper is at home in the Northern District of Texas, transferring the case will only be more convenient for her, and likely Lockheed as well, given that the business unit at issue is located in Fort Worth.

## Interest of Justice

The broad category often referred to as "interest of justice" includes, *inter alia*, "the court's familiarity with applicable law" and "access to premises that might have to be viewed." *Id.* (quoting *Baylor Heating*, 702 F. Supp. at 1260). "It is intended to encompass all those factors bearing on transfer that are unrelated to convenience of witnesses and parties." *Baylor Heating*,

4

702 F. Supp. at 1260. While this Court is presumably familiar with the same employment anti-discrimination law as would be applied by the Texas Court, that counts for little in weighing the overall desirability of the case going to Texas. There are no particular interests that weigh in favor or against Maryland as the transferring forum.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion is **GRANTED** and the matter is **TRANSFERRED** to the Northern District of Texas, Fort Worth Division.

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

April 20, 2021